IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM CHOWDHURY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-3287-G |
| | § | |
| JOHN HARVELL, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation are *Defendant John Harvell's Motion to Dismiss*, filed December 21, 2018 (doc. 4), and *Plaintiff's Motion for Partial Summary Judgment*, filed January 15, 2019 (doc. 13). Based on the relevant filings and applicable law, the defendant's motion should be **GRANTED**, and the plaintiff's motion should be **DENIED as moot**.

### I. BACKGROUND

On October 29, 2018, Shamim Chowdhury (Plaintiff) filed this *pro se* action for breach of fiduciary duty against his former attorney, John Harvell (Defendant), in state court. (doc. 1-1 at 2-3.)[2] He seeks actual damages, exemplary damages, and attorney's fees. (doc. 12 at 7.)

On February 26, 2015, Plaintiff, a resident of Richardson, Texas, was arrested in Kansas "on pretense of a false felony charge." (doc. 12 at 2, 4.) He was charged with stalking after having been served a protection order prohibiting contact. (*Id*. at 4, 8-9.) Defendant, a Kansas attorney with a law office in Kansas, was hired by Plaintiff's spouse to represent him in his criminal case. (*Id*. at 3.) Plaintiff alleges that Defendant was aware that Plaintiff "had no criminal history and the charge

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

was false," but he did not challenge the false charge in any way, nor "did he care to notify [Plaintiff] about the false charge." (*Id*. at 4-5.) He asserts that Defendant "committed a set of tort[i]ous acts" while he represented him, "which clearly proves that he breached his fiduciary duty owed to [him], by breaching his duty of reasonable care and undivided loyalty." (*Id*. at 3.) He claims that Defendant helped the prosecuting attorney add a fraudulent bail condition requiring GPS monitoring for Plaintiff and hold him financially responsible for the GPS monitoring fee. (*Id*. at 2.) He contends that Defendant "failed to meet his obligation to mail attorney client case file" to his address in Texas after multiple requests. (*Id*.)

Plaintiff alleges that Defendant "made continuous and systematic communication and took multiple payments from Plaintiff with complete knowledge and understanding that Plaintiff was a resident of Texas." (*Id*.) He claims that his cause of action "arises directly out of [Defendant's] contact with [him] in Texas," and alleges that Defendant "made multiple fraudulent telecommunication[s] with [Plaintiff] regarding [the] case status and facts." (*Id*.) He also contends that in helping the prosecuting attorney obtain GPS monitoring for him, Defendant "had complete knowledge that this monitoring would occur in [Plaintiff's] forum state" of Texas. (*Id*.)

Defendant's affidavit states that he is a resident of Kansas, has his only office in Kansas, and has never maintained an office or place of business in Texas. (doc. 6 at 3.) He is licensed to practice law in Kansas and Missouri, and has never been licensed to practice law in Texas or engaged in the practice of law in Texas. (*Id*.) He represented Plaintiff in a criminal case in Kansas, performed all work for Plaintiff in Kansas, and made or received all communications with Plaintiff in Kansas. (*Id*. at 4.) Defendant never traveled to Texas, and all meetings between him and Plaintiff occurred in Kansas. (*Id*.) Defendant avers that he never: entered into an agreement with Plaintiff

2

to perform services in Texas; advertised in Texas; recruited Texas residents as clients; entered into any personal transactions in Texas; employed anyone within Texas; maintained a registered agent for service of process in Texas; owned or controlled any real or personal property in Texas; held any bank accounts, telephone numbers, addresses, or tangible assets in Texas; had any past or present obligation to pay taxes in Texas; had been previously sued in Texas or availed himself of the jurisdiction of Texas courts; served as a director, officer, member, or partner of a Texas corporation, partnership, or limited liability company; or owned a controlling interest in a Texas company. (*Id.* at 4-5.) His declaration concludes that he "did not purposely avail [himself] of the benefits and protections of Texas law" and "would not have expected to be haled into a Texas court" as a result of his representation of Plaintiff, and that it "would be significant burden" for him to travel to Texas to defend himself because it "would disrupt [his] legal practice and representation of [his] clients." (*Id.* at 5.)

On December 14, 2018, Defendant removed this case to federal district court on the basis of diversity jurisdiction. (doc. 1 at 1-4.) On December 21, 2018, he moved to dismiss this action against him for lack of personal jurisdiction, or in the alternative, for failure to state a claim; Plaintiff did not file a response. (docs. 4-6.)[3] On January 15, 2019, Plaintiff filed his motion for summary judgment, and Defendant responded on February 5, 2019. (docs. 13-14; 19-20.)

## II. RULE (12)(b)(2)

Defendant moves to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction. (doc. 5 at 10-21.)

---

[3] Plaintiff amended his complaint twice after Defendant moved for dismissal; the Court ordered that Defendant could file an amended response or motion in response to the third amended complaint, but if he did not, the pending motion to dismiss would be deemed as having been filed in response to the third amended complaint. (docs. 11-12; 15.) Defendant did not file an amended response or motion. (*See* doc. 15 at 2.)

The exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–74 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent as a state court in the same forum. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984); *see also* Fed. R. Civ. P. 4(e)(1), 4(h)(1). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code Ann. § 17.041 *et seq.* (West 2012). "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction

4

and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3091 (2011). General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Ltd. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Ltd.*, 205 F.3d at 215 (quoting *Burger King Corp.*, 471 U.S. at 472) (internal quotation marks omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

Where, as here, no evidentiary hearing is conducted, the plaintiff need only make a *prima facie* showing in support of jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). The plaintiff's uncontroverted factual allegations in the complaint must be accepted as true, and all factual disputes contained in the parties' affidavits must be resolved in its favor. *Alpine View Co., Ltd.*, 205 F.3d at 215; *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Courts are not required "to credit conclusory allegations, even if uncontroverted," however. *Panda Brandywine Corp.*, 253 F.3d at 869.

**A.     General Jurisdiction**

Defendant disputes the existence of general jurisdiction over him. (doc. 5 at 11-13.)

As noted, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381

5

(citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme Court, these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610–11 (5th Cir. 2008). In determining whether general jurisdiction exists, courts do not examine each of a non-resident's contacts with the forum state in isolation from one another, but examine them "*in toto* to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

      Here, Defendant is a Kansas resident and attorney with his only place of business located in Kansas. (doc. 6 at 3.) He has no property in Texas, has never been licensed to practice law in Texas, and has never maintained an office, place of business, or registered agent in Texas. (*Id*. at 3-4.) Plaintiff has not disputed Defendant's evidence regarding his lack of contacts with Texas, and he makes no allegations that Defendant has any contacts with Texas or is "at home" in Texas. (*See* doc. 12.) His only allegations are that Defendant represented him knowing he was a Texas resident, and that he had contact with him and accepted payments from him while he resided in Texas. (*See* doc. 12 at 2.) "Neither the mere existence of an attorney/client relationship between a resident client and an out-of-state attorney, nor the routine correspondence and interactions attendant to that relationship, are sufficient to confer [general] personal jurisdiction," however. *Linton v. Johnson*, No. 5-10-CV-00585 OG (NN), 2011 WL 1743677, at *4 (W.D. Tex. May 5, 2011), *adopted by* 2011 WL 13272450 (W.D. Tex. May 31, 2011). Accordingly, Plaintiff's alleged facts "do not rise to

6

'continuous and systematic' contacts with Texas to create the necessary foreseeability by" Defendant "of being haled into a Texas court and are insufficient to impose general personal jurisdiction." *Companion Prop. & Cas. Ins. Co. v. Palermo*, No. 3:11-CV-03524-F, 2012 WL 12882078, at *6 (N.D. Tex. Jan. 31, 2000), *aff'd*, 723 F.3d 557 (5th Cir. 2013).

Because Plaintiff has alleged no facts showing that Defendant made any contacts with Texas—substantial, continuous, systematic, or otherwise, he has failed to make a *prima facie* showing of general jurisdiction against Defendant. *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 922; *see Linton*, 2011 WL 1743677, at *4 (finding that routine communications between out-of-state attorneys and their client did "not support general jurisdiction."); *Taylor v. Underwood*, No. Civ.A. 3:99-CV-2632-X , 2000 WL 123973, at *2 (N.D. Tex. Jan. 31, 2000) (same).

**B.   Specific Jurisdiction**

Defendant also argues that specific jurisdiction over him is lacking.  (doc. 5 at 13-20.)

As discussed, specific jurisdiction over a non-resident defendant exists when a plaintiff's claims against the defendant arise out of or relate to activities that the defendant purposefully directed at the forum state. *Burger King Corp.*, 471 U.S. at 472. Specific jurisdiction is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin*, 587 F.3d at 759 (5th Cir. 2009).

Plaintiff's allegations against Defendant arise solely out of his representation of Plaintiff during his criminal case in Kansas.  (doc. 12 at 2-6.)  He alleges that Defendant knew the criminal charge against him was false but failed to challenge the false charge or to notify Plaintiff that it was false, and that he committed tortious acts in breach of his fiduciary duty to Plaintiff as a client "by breaching his duty of reasonable care and undivided loyalty." (*Id*. at 2-5.) He asserts that Defendant

7

communicated with him and took payments from him knowing that he was a resident of Texas, and had fraudulent communications with him about his case. (*Id*. at 2.) He claims that this cause of action "arises directly out of [Defendant's] contact with [him] in Texas." (*Id*. at 2.) He has not alleged any other facts to show that Defendant purposefully directed any activities at Texas related to this action or otherwise, however, and Defendant's alleged conduct is only substantially connected to Plaintiff's criminal case in Kansas. (*See id*. at 2-6.)

All communications between Plaintiff and Defendant and any alleged tortious acts were related only to the criminal case in Kansas, and "the operative facts of this case stem from the [Kansas case], not an injury in Texas. *Linton*, 2011 WL 1743677, at *3. "That [Plaintiff] used the communications as motivation for this lawsuit did not transform the communications into contacts aimed at Texas." *Id*. His alleged facts "show connectedness to [Kansas], not Texas," and the connections to his criminal case in Kansas do "not support specific jurisdiction in Texas." *Id*. Additionally, the fact that Defendant knew he lived in Texas "without more is not sufficient to support jurisdiction." *Taylor*, 2000 WL 123973, at *3 (recognizing that "[i]f this argument were valid, any lawyer contracting to do business with anyone in another state would be subject to court action in the forum state chosen by the [p]laintiff"). Accordingly, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction against Defendant. *See Linton*, 2011 WL 1743677, at *3. (finding that the resident plaintiff's allegations against an out-of-state attorney regarding the handling of his case outside of Texas did not establish specific jurisdiction in Texas); *Taylor*, 2000 WL 123973, at *3 (finding that out-of-state attorneys representing a Plaintiff from Texas in an out-of-state case were not subject to specific jurisdiction in Texas for allegedly tortious acts because any alleged acts arose as a result of actions outside of Texas); *Star Tech., Inc. v. Tultex Corp.*, 844 F.

Supp. 295 (N.D. Tex. 1993) (determining that non-resident attorney was not subject to specific jurisdiction in Texas even where he made two trips to Texas and argued a discovery motion in Texas).

Because Plaintiff has failed to meet his burden, Defendant's motion to dismiss for lack of personal jurisdiction should be granted.[4] *See Linton*, 2011 WL 1743677, at *4 (recommending dismissal of an action against an out-of-state attorney for lack of personal jurisdiction); *Taylor*, 2000 WL 123973, at *3 (dismissing action against a plaintiff's former non-resident attorney for lack of personal jurisdiction).

### III. RECOMMENDATION

The motion to dismiss for lack of personal jurisdiction should be **GRANTED**, Plaintiff's motion for summary judgment should be **DENIED as moot**, and all of Plaintiff's claims against Defendant should be **DISMISSED without prejudice** for lack of personal jurisdiction.

**SO RECOMMENDED** on this 31st day of July, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Since Defendant's motion should be granted for lack of personal jurisdiction, it is unnecessary to reach his alternative grounds for dismissal under Rule 12(b)(6) for failure to state a claim. (*See* doc. 5 at 22.)

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE